IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Eduardo Martinez, #326852 | ) | C/A No. 5:14-1757-DCN-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden of Lieber Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Eduardo Martinez ("Petitioner") is a state prisoner who filed this pro se
petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the court
pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report
and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos.
21, 22.  On August 19, 2014, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975),
the court advised Petitioner of the Summary Judgment Motion, dismissal procedures, and the
possible consequences if he failed to respond adequately to Respondent's Motion. ECF No. 23.
On September 24, 2014, Petitioner filed a Response in Opposition to Respondent's Motion for
Summary Judgment. ECF No. 26. Having carefully considered the parties' submissions and the
record in this case, the undersigned recommends that Respondent's Motion for Summary
Judgment, ECF No. 21, be granted.

I.      Background

Petitioner is currently incarcerated in the Lieber Correctional Institution ("LCI") of the
South Carolina Department of Corrections ("SCDC").  ECF No. 1 at 1.  In 2007, Petitioner was

indicted at the January term of the Charleston County Grand Jury for trafficking in cocaine (200 to 400 grams) (2007-GS-10-0066) and possession with intent to distribute cocaine within the proximity of a school (2007-GS-10-0065). App. 4-5; 131-32.[1] On March 3, 2008, Petitioner pleaded guilty to both charges before the Honorable R. Markley Dennis, Jr. App. 1-15. During his plea, Jacqueline G. Grau represented Petitioner, and Assistant Solicitor Julie Cardillo appeared on behalf of the State. *Id.* Pursuant to negotiations with the State, Judge Dennis sentenced Petitioner to concurrent terms of 18 years for the trafficking charge and 8 years for the possession charge. App. 14. Petitioner did not file a Notice of Appeal. ECF No. 1 at 2.

II.     Procedural History

On August 7, 2008, Petitioner filed an application for Post-Conviction Relief ("PCR"), alleging, verbatim, the following claims:

(a)  Counsel failed to investigate;
(b)  Counsel failed to interview certain witnesses;
(c)  I was coerce into pleading guilty.

App. 19. The State filed a Return to Petitioner's Application on March 23, 2009. ECF No. 25-28. Thereafter a motions hearing convened on November 20, 2009, before the Honorable Kristi Leah Harrington. App. 30-99. Petitioner was present and represented by Barrett R. Brewer, and Assistant Attorney General Matthew J. Friedman appeared on behalf of the State. *See id.* After the hearing, the PCR Court denied and dismissed Petitioner's PCR Application with prejudice on December 14, 2009, making the following findings of fact and conclusions of law:

This Court has had the opportunity to review the record in its entirety and has heard the testimony and arguments presented at the PCR hearing. This Court has

---

[1] Citations to "App." refer to the Appendix for Petitioner's guilty plea transcript and Post-Conviction Relief ("PCR") Proceedings. That appendix is available at ECF Nos. 22-1 in this habeas matter.

2

further had the opportunity to observe each witness who testified at the hearing, and to closely pass upon his or her credibility. This Court has weighed the testimony accordingly. Set forth below are the relevant findings of fact and conclusions of law as required by S.C. Code Ann. § 17-27-80 (2003).

The Applicant testified that he was not able to communicate with counsel in English. He asserted that he asked for an interpreter, but she never hired one prior to the plea hearing. Applicant testified that he received counsel's letter dated January 3, 2008, but he did not understand the letter. He understood that there was an offer for fifteen (15) years, but he did not know if it was for one charge or two charges. Applicant testified that counsel did not speak Spanish. He asserted that he understood some of what she said but not enough for effective assistance. Applicant testified that his interpreter at the plea hearing explained the prior plea offer of fifteen (15) years to him. He asserted that he would have accepted the prior offer if he had understood it. He testified that he was pressured by counsel to plead guilty because the case had been going on for so long and she had not been paid. Applicant testified that he told the court he was satisfied with counsel because he thought the judge was asking if counsel was a good person. He testified that the plea judge did not ask him if counsel did a good job.

Plea counsel testified that she met with Applicant 10-20 times. She testified that she communicated with Applicant in English and some Spanish. She testified that Applicant understood their discussions. She asserted that Applicant speaks more English than he was letting on. Counsel testified that Applicant never asked for an interpreter. She asserted that she did not need an interpreter during his meetings with the Applicant. She testified that Applicant understood the offer for fifteen (15) years, but he was upset about getting that much time so he rejected the offer. Counsel asserted that she did not pressure Applicant into accepting the plea offer and she would never tell a client she was not getting paid. She testified that she was prepared for trial. She testified that she and Applicant had substantial discussions about the consequences of the plea, and she believed Applicant understood the terms of the negotiated sentence.

## Ineffective Assistance of Counsel/Coerced Plea

The Applicant alleges that he received ineffective assistance of counsel. In a post-conviction relief action, the applicant has the burden of proving the allegations in the application. Rule 71.1(e), SCRCP; Butler v. State, 286 S.C. 441, 334 S.E.2d 813 (1985). Where ineffective assistance of counsel is alleged as a ground for relief, the applicant must prove that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland v. Washington, 466 U.S. 668 (1984); Butler, 334 S.E.2d 813.

The proper measure of performance is whether the attorney provided representation within the range of competence required in criminal cases. The courts presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Strickland, 466 U.S. 668. The applicant must overcome this presumption in order to receive relief. Cherry, 386 S.E.2d 624.

Courts use a two-pronged test to evaluate allegations of ineffective assistance of counsel. First, the applicant must prove that counsel's performance was deficient. Under this prong, attorney performance is measured by its "reasonableness under professional norms." Id. at 625 (citing Strickland, 466 U.S. 668). Second, counsel's deficient performance must have prejudiced the applicant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 625. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. Johnson v. State, 325 S.C. 182, 480 S.E.2d 733 (1997). When there has been a guilty plea, the applicant must prove that counsel's representation was below the standard of reasonableness and that, but for counsel's unprofessional errors, there is a reasonable probability that he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S. Ct 366, 370 (1985); Roscoe v. State, 345 S.C. 16, 20, 546 S.E.2d 417, 419 (2001).

To be knowing and voluntary, a plea must be entered with a full understanding of the charges and the consequences of the plea. Boykin v. Alabama, 395 U.S. 238, 243-44, 89 S. Ct. 1709, 1712 (1969); Dover v. State, 304 S.C. 433, 434, 405 S.E.2d 391, 392 (1991). When determining issues relating to guilty pleas, the court will consider the entire record, including the transcript of the guilty plea, and the evidence presented at the post-conviction relief hearing. Anderson v. State, 342 S.C. 54, 57, 535 S.E.2d 649, 657 (2000) (citing Hanes v. Leeke, 282 S.C. 131, 318 S.E.2d 360 (1984). When a defendant pleads guilty on the advice of counsel, the plea may only be attacked through a claim of ineffective assistance of counsel. Roscoe v. State, 345 S.C. 16, 20, 546 S.E.2d 417, 419 (2002) (citations omitted).

This Court finds that Applicant's testimony is not credible while also finding that counsel's testimony is credible. This Court finds that counsel is a trial practitioner who has extensive experience in the trial of serious offenses. Counsel conferred with the Applicant on numerous occasions. During conferences with the Applicant, counsel discussed the pending charges, the elements of the charges and what the State was required to prove, Applicant's constitutional rights, Applicant's version of the facts, and possible defenses or lack thereof. This Court finds that the record reflects that Applicant's plea was entered freely, voluntarily, knowingly, and intelligently. Applicant acknowledged that he understood the nature of the charges, the possible punishments, and his constitutional rights.

Applicant admitted that he was guilty of these offenses. Applicant told the plea court that he was satisfied with counsel and that no one had threatened him or promised him anything to accept the plea offer. This Court finds that Applicant understood the terms of the negotiated sentence. The record reflects that Applicant answered some of the plea judge's questions in English and he did not use the interpreter for the entire plea hearing.

Regarding the Applicant's claims of ineffective assistance of counsel, this Court finds the Applicant has failed to meet his burden of proof. This Court finds that Applicant's attorney demonstrated the normal degree of skill, knowledge, professional judgment, and representation that are expected of an attorney who practices criminal law in South Carolina. State v. Pendergrass, 270 S.C. 1, 239 S.E.2d 750 (1977); Strickland, 466 U.S. at 668; Butler, 286 S.C. 441. 334 S.E.2d 813. This Court further finds counsel adequately conferred with the Applicant, conducted a proper investigation, and was thoroughly competent in her representation. This Court finds that counsel's representation did not fall below an objective standard of reasonableness.

This Court finds that counsel was not ineffective for failing to hiring an interpreter prior to the plea hearing. Counsel testified that she was able to adequately communicate with Applicant using English and some Spanish. Counsel properly communicated all plea offers to Applicant, and Applicant rejected all prior plea offers. The record reflects that Applicant was able to speak and understand some English. Moreover, counsel obtained a favorable negotiated sentence on Applicant's behalf, and Applicant accepted the offer for eighteen (18) years and received the benefit of the bargain. This Court finds that counsel did not pressure Applicant into pleading guilty and it was Applicant's decision to accept the plea offer.

Accordingly, this Court finds the Applicant has failed to prove the first prong of the Strickland test, specifically that counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that counsel committed either errors or omissions in her representation of the Applicant. The Applicant failed to show that counsel's performance was deficient. This Court also finds the Applicant has failed to prove the second prong of Strickland, specifically that he was prejudiced by plea counsel's performance. Applicant's complaints concerning counsel's performance are without merit and are denied and dismissed.

## **All Other Allegations**

As to any and all allegations that were raised in the application or at the hearing in this matter and not specifically addressed in this Order, this Court finds the Applicant failed to present any evidence regarding such allegations. Accordingly,

this Court finds the Applicant waived such allegations and failed to meet his burden of proof regarding them. Therefore, they are hereby denied and dismissed.

## **CONCLUSION**

Based on all the foregoing, this Court finds and concludes the Applicant has not established any constitutional violations or deprivations before or during his guilty plea and sentencing proceedings. Counsel was not deficient in any manner, nor was the Applicant prejudiced by counsel's representation. Therefore, this application for PCR must be denied and dismissed with prejudice.

This Court advises the Applicant that he must file a notice of intent to appeal within thirty (30) days from the receipt of written notice of entry of this Order to secure appropriate appellate review. His attention is also directed to Rules 203, 206, and 227 of the South Carolina Appellate Court Rules for the appropriate procedures to follow after notice of intent to appeal has been timely served and filed.

App. 101-06.

On June 21, 2010, Appellate Defender M. Celia Robinson of the South Carolina Commission on Indigent Defense filed a Petition for Writ of Certiorari on Petitioner's behalf. ECF No. 22-2. There, Petitioner presented the following two issues:

1. Did the PCR judge err in denying relief despite trial/plea counsel's providing ineffective assistance of counsel in that counsel failed to obtain the services of an interpreter during the period when she was relaying plea offers to Petitioner so that the initial plea offer extended by the prosecution was only communicated to this Spanish-speaking-accused in English?
2. Did the PCR judge err in denying relief where petitioner's guilty plea was not entered knowingly or voluntarily as the result of ineffective assistance of counsel because petitioner had not been able to assist in his defense where his attorney had ineffectively failed to obtain the services of an interpreter to assist in her communications with petitioner during trial preparation?

*Id.* at 3. The State submitted a Return to the Petition for Writ of Certiorari on October 7, 2010. ECF No. 22-3. The South Carolina Supreme Court granted the Petition for Writ of Certiorari on March 22, 2012, and instructed the parties to serve and file briefs. ECF No. 22-4. Appellate Defender Kathrine H. Hudgins filed a brief on Petitioner's behalf, and Ashleigh R. Wilson submitted a brief on behalf of

6

the State. ECF Nos. 22-5, 22-6. On February 27, 2013, the South Carolina Supreme Court dismissed

the appeal finding:  "After careful consideration of the Appendix and briefs, the writ of certiorari is

dismissed as improvidently granted." ECF No. 22-7. Thereafter the Court issued the Remittitur on

March 15, 2013. ECF No. 22-8.

    III.     Discussion

      A.  Federal Habeas Issues

Petitioner raises the following issues in his Federal Petition for a Writ of Habeas Corpus,

quoted verbatim:

GROUND ONE: Inadequate Access to legal services at pre-trial stage.
Supporting Facts: At the pre-trial stage, Applicant failed to comprehend a negotiated 15 year
sentence, written in English, without interpreter to assist when petitioner's primary language
is Spanish.

GROUND TWO: Applicant was denied his right to represent himself before, during or
post-conviction.
Supporting Facts: The Applicant was deprived his constitutional right of proper access to
the courts that were timely, adequate, effective and meaningful. At each judicial process
the applicant was exposed to he was not in full recognition of the consequences of the
actions being taken.

ECF No. 1 at 5, 7.

      B.  Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed.

R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is

appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth

specific facts showing that there is a genuine issue for trial.  *See Celotex Corp. v. Catrett*, 477

U.S. 317, 322-23 (1986).  If a movant asserts that a fact cannot be disputed, it must support that

assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

C.  Habeas Corpus Statute of Limitations

Because Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claim is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State

8

court." 28 U.S.C. § 2244(d)(1). Further, the AEDPA provides that the limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D). The statute further provides that "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

IV.     Discussion

A.  Petitioner's Application Is Time-Barred

Respondent argues that Petitioner's habeas petition should be dismissed because all of Petitioner's claims are barred by the statute of limitations. ECF No. 22 at 7-10. Petitioner does not object to Respondent's statute of limitations argument but maintains a language barrier hindered him from timely filing his Petition.[2] ECF No. 1.

The AEDPA provides that "[a] 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court." 28 U.S.C. § 2244(d)(1). The time limit begins to run at the "conclusion of direct review or the

---

[2] The undersigned will address Petitioner's equitable tolling argument in the following section.

expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The United States

Supreme Court recently interpreted the two prongs of 28 U.S.C. § 2244(d)(1)(A) as follows:

> The text of § 2244(d)(1)(A), which marks finality as of "the conclusion of direct review or the expiration of the time for seeking such review," consists of two prongs. Each prong—the "conclusion of direct review" and the "expiration of the time for seeking such review"—relates to a distinct category of petitioners. For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires. We thus agree with the Court of Appeals that because [petitioner] did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.

*Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012) (clarifying the Court's prior cases concerning

28 U.S.C. § 2244(d)(1)(A)).

Here, it is undisputed that Petitioner did not appeal his conviction and sentence.

Accordingly, the AEDPA's one-year statute of limitations began running when his state

convictions became final. *See Gonzalez*, 132 S. Ct. at 654 (finding a Petitioner's conviction and

sentence become "final" when his "time for seeking review with the State's highest court

expire[s].").  Here, Petitioner had ten days to timely file a notice of appeal from his conviction

and sentence.  *See* Rule 203 (b)(2), SCACR ("After a plea or trial resulting in conviction or a

proceeding resulting in revocation of probation, a notice of appeal shall be served on all

respondents within ten (10) days after the sentence is imposed."). Therefore, his conviction and

sentence became final on March 13, 2008, or ten days after he pleaded guilty and was sentenced.

Therefore, pursuant to *Gonzalez*, the statute of limitations began running on March 13, 2008.

Review of the record indicates Petitioner's federal habeas Petition was not timely filed.

Petitioner subsequently filed his PCR application on August 7, 2008 (2008-CP-10-4561).

Petitioner's PCR proceedings tolled the one-year limitations period. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). At this point, 147 days had elapsed since Petitioner's conviction became final. The statute of limitations remained tolled until March 15, 2013, when the South Carolina Supreme Court remitted the matter to the lower court or tribunal.[3] *See* ECF No. 22-8; *Frazier v. Stevens*, No. 4:09-302-JFA-TER, 2010 WL 921613, at * 3 n.6 (D.S.C. Mar. 10, 2010), *as amended* (Mar. 12, 2010) (tolling the period of limitations from the date petitioner filed his first PCR until the date the South Carolina Supreme Court issued the Remittitur); *Gambrell v. Bazzle*, No. 9:07-cv-00172-RBH-GCK, 2008 WL 269505, at *5 (D.S.C. Jan. 29, 2008) ("When the Supreme Court issued the Remittitur following its Order denying the petition for a writ of certiorari on December 19, 2003, Petitioner's first PCR action became final."). By the time Petitioner filed his federal habeas petition on March 25, 2014, another 375 days had elapsed. *See* ECF No. 1-1 at 1; *see Houston v. Lack,* 487 U.S. 266, 270–71 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court). The March 25, 2014 filing date was over five months after Petitioner's statute of limitations had run. Thus, Petitioner's habeas Petition is untimely under 28 U.S.C. § 2244(d) and must be dismissed.

---

[3] Respondent urges the court to use February 27, 2013, the date the South Carolina Supreme Court dismissed Petitioner's PCR appeal, as the date that the running of the § 2244(d) one-year period resumed. ECF No. 22 at 8-9. In support of its assertion, Respondent references *Harris v. Hutchinson*, 209 F.3d 325 (2000), and *Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999). However, neither of these cases specifically address whether the final disposition date versus the remittitur date is the effective date to resume running the statute of limitations period. In this case Petitioner's habeas Petition is untimely using either date.

B.  The Statute of Limitations Should Not Be Equitably Tolled

The AEDPA's statute of limitations is subject to equitable tolling, which could, in effect, extend the final date for filing a habeas petition.  *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000). The Fourth Circuit has underscored the very limited circumstances in which equitable tolling of the AEDPA's limitations period will be permitted, holding that a habeas petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time."  *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).   Thus, rarely will circumstances warrant equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris*, 209 F.3d at 330. The respondent bears the burden of asserting the AEDPA's statute of limitations, *Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002); the petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the equitable-tolling doctrine, *Rouse*, 339 F.3d at 246.

In 2010, the United States Supreme Court considered the issue and also held that § 2244 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *cf. Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005) (noting Court assumed without deciding that AEDPA's statute of limitations could be equitably tolled for purposes of that

12

decision because respondent assumed it did). The *Holland* Court reiterated its prior holding in *Pace* that the statute would be equitably tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace*, 544 U.S. at 418)).

Here, with the help of a fellow inmate, Petitioner argues that the court should consider the late filing because Petitioner is a "non-English speaking inmate." ECF No. 1 at 13. Petitioner then cites to caselaw that he maintains holds that non-English speaking inmates need assistance with filings and that "S.C.D.C. has no known program available in which a non-English speaking [inmate] can find help to present a reasonable legal claim." *Id.* at 15. Additionally, Petitioner maintains that due to a security threat, his "dorm was deadlocked" for most of February 2014. *Id.* at 14. Petitioner argues that events beginning on March 3, 2014, including a stabbing, further hindered his efforts to timely file a habeas petition. *Id.* Respondent maintains that Petitioner's alleged language barrier did not prevent him from timely filing his state action, and evidence indicates that Petitioner understands English. ECF No. 22 at 11. Furthermore, Respondent contends that Petitioner did not act diligently and no extraordinary circumstance prevented him from filing his habeas petition. *Id.*

The undersigned finds that Petitioner has not satisfied the extraordinary circumstances prong of the *Harris* test. First, a number of courts have held that lack of proficiency in English is akin to *pro se* status or illiteracy, and does not constitute an "extraordinary circumstance" for equitable tolling of the period of limitations. *See, e.g. Baltazar v. Warden, Ridgeland Corr. Inst.*, No. 6:06-2726-CMC-WMC, 2007 WL 2156594, at *6 (D.S.C. July 24, 2007); *Perez v. Ozmint*, No. 3:05-3232-CMC-JRM, 2006 WL 783771 (D.S.C. March 27, 2006) (finding Petitioner

assertion of a limited grasp of the English language did not amount to an "extraordinary circumstance" which would excuse delay); *United States v. Montano,* 398 F.3d 1276, 1280 n. 5 (11th Cir. 2005) (finding petitioner's difficulty with English does not constitute extraordinary circumstances); *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002) (inability to read or write English is not in and of itself sufficient to toll the period of limitations).

Additionally, Petitioner asserts that during February of 2014 his "dorm was deadlocked" and other events that took place on March 3, 2014, including a stabbing, further hindered his efforts to timely file a habeas petition. However, Petitioner's statute of limitations had already expired in 2013—prior to the events he described happened in 2014. Moreover, courts have held that prison lockdowns do not constitute extraordinary circumstances for purposes of equitable tolling. *Sullivan v. Ozmint*, No. 8:08-1088-GRA-BHH, 2008 WL 1994835, at *3 (D.S.C. Apr. 14, 2008) *report and recommendation adopted*, No. 8:08-CV-1088-GRA-BHH, 2008 WL 2227237 (D.S.C. May 27, 2008) ("Unpredictable lockdowns or library closures do not constitute extraordinary circumstances warranting equitable tolling in this case. For these reasons, this court finds that the lockdowns and limited library access do not warrant equitable tolling in this case."); *United States v. Van Poyck,* 980 F. Supp. 1108, 1111 (C.D. Cal. 1997) (holding an inability to secure copies of transcripts from court reporters and lockdowns at prison lasting several days and allegedly eliminating access to law library were not extraordinary circumstances and did not equitably toll one-year statute of limitations). Therefore, Petitioner has failed to satisfy his burden of demonstrating entitlement to equitable tolling. Accordingly,

equitable tolling of the statute of limitations is not merited. Based upon the foregoing, the Petition was not timely filed, and it is barred by Section 2244(d)(1).[4]

V.    Conclusion and Recommendation

Wherefore, based upon the foregoing, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 21, be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

October 3, 2014                              Kaymani D. West
Florence, South Carolina                     United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[4] Because the court finds that the statute of limitations bars Petitioner's § 2254 petition, it is precluded from addressing the merits of his claims.

15